DEPARTMENT OF the SHERIFF OF
the COUNTY OF HENNEPIN,
Respondent,

v.

$5,500.00 IN VARIOUS DENOMINA-
TIONS OF UNITED STATES
CURRENCY, Appellant.

No. C4-84-1208.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Thomas L. Johnson, Hennepin Co. Atty., Paul F. Gilles, Asst. Co. Atty., Minneapolis, for respondent.

Samuel H. Bellman, Eli C. Levenstein, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

The trial court found respondent was entitled to summary judgment in a suit to forfeit money used in unlawful purchase of drugs, and Charles Skiff and Vicki Skiff brought this appeal, asserting Vicki Skiff's claim to the money. We affirm.

## FACTS

Claimant Charles Skiff used $5,500.00 in United States currency, the defendant moneys, to purchase 10 pounds, 15 ounces, of marijuana from an undercover Hennepin County Deputy Sheriff. As a result of this incident, he was convicted on a guilty plea to the felony charge of unlawful possession with intent to sell a Schedule I controlled substance.

Respondent subsequently filed a complaint for forfeiture of the moneys pursuant to Minn.Stat. § 152.19, subd. 1(2) (1982), which allows forfeiture of "moneys * * * used, or intended for use, in * * * delivering * * * any controlled substance in violation of this chapter."

Charles Skiff and his mother, Vicki Skiff, moved to dismiss respondent's complaint. They contend that the $5,500.00 was currency which Charles Skiff borrowed from his mother to purchase an automobile and that her loan had no significant relation to his eventual criminal activity.

Respondent moved for summary judgment, arguing that there were no material facts at issue and that it was entitled to judgment as a matter of law. The trial court granted respondent's motion for summary judgment, and the Skiffs initiated this appeal.

## ISSUE

Can a lender of money claim to own it free from forfeiture resulting from the borrower's unlawful use of the money to purchase a controlled substance?

## ANALYSIS

There are no material facts at issue; appellants argue that the trial court ruled incorrectly as a matter of law. On review, this court must determine whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328 (Minn.1979).

The Skiffs argue that the forfeiture statutes were not intended to be used to punish an innocent lender and that the currency should be returned to Vicki Skiff.

■ An owner may be spared the forfeiture of property used by another person in purchasing controlled substances. See Minn.Stat. § 152.19, subd. 1(5) (1982).[1] Claims of ownership of currency must be closely scrutinized; otherwise, any person could claim ownership of currency and render meaningless the provision of Minn.Stat. § 152.19, subd. 1(2). We conclude that one who freely surrenders the use of money to another cannot claim to own the money and is not entitled to protection from forfeiture.

As the trial court correctly determined, respondent was entitled to summary judgment as a matter of law.

The Skiffs state two additional contentions that we reject.

■ First, they argue that the statutory language which permits forfeiture of moneys used in "delivering" any controlled substance does not encompass forfeiture of moneys used in acquiring the substances. Minn.Stat. § 152.19, subd. 1(2). To the contrary, "delivering" reasonably includes the transaction of giving value for an unlawful acquisition.

■ Second, they assert that only an "appropriate state agency" may forfeit the property, Minn.Stat. § 152.19, subd. 2 (1982),[2] and that the Hennepin County Sheriff is not such an agency. We conclude the county sheriff is an "appropriate agency" under Minn.Stat. § 152.01, subd. 17 (1982), and is therefore authorized to initiate this proceeding.

## DECISION

The trial court's order for summary judgment in favor of respondent is affirmed.

---

1. As the trial court observed, claims of owners under present law appear confined to vehicles and other conveyances. The rights of owners of all property are declared in recent legislation, which applies to crimes committed on or after August 1, 1984. 1984 Minn.Laws, ch. 624, § 1.

2. 1984 Minn.Laws, ch. 624, § 2, clarifies existing law by removing the word "state" from references to agency forfeitures.